IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00511-FL

| | |
|---|---|
| FRANK WARREN SAUNDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM** |
| ) | **& RECOMMENDATION** |
| BISHOP ADAM JEFFERSON ) | |
| RICHARDSON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This cause comes before the Court upon Defendants' motions to dismiss (DE-6, DE-16) Plaintiff's complaint. Plaintiff has responded (DE-15, DE-23) and Defendants have replied (DE-26). Accordingly, the motions to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motions are referred to the undersigned for report and recommendation. For the reasons stated herein, the undersigned RECOMMENDS that the motions to dismiss be granted.

**I.     BACKGROUND**

Plaintiff Frank Warren Saunders filed this action pro se on August 14, 2012. The complaint alleges that Plaintiff was employed at Defendant African Methodist Episcopal Church, Inc. ("AME Church"), from May 2009 until September 10, 2009, when he was terminated from his position "without the due process of the law." Compl. ¶¶ 5-9, DE-1.

1

Plaintiff alleges claims of retaliation, reprisal, hostile work environment, and age discrimination, in violation of Title VII of the Civil Rights Act of 1964. Attached to the complaint is a notice of right to sue letter issued by the Equal Employment Opportunity Commission ("EEOC").[1]

Defendant Larry Hinton now seeks dismissal of the complaint pursuant to Rules 12(b)(1) and 12(b)(6). Defendants AME Church and Bishop Adam Jefferson Richardson seek dismissal under Rules 12(b)(1), 12(b)(5), and 12(b)(6).

## II. LEGAL BACKGROUND

### A. Rule 12(b)(6): Failure to State a Claim

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). The court may dismiss a complaint for failure to state a claim if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley, 355 U.S. at 45-46; Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.

---

1. The EEOC notice attached to Plaintiff's complaint is dated April 19, 2012. *See* Dismissal and Notice of Rights, DE-1-1. However, exhibits filed by Plaintiff in his response to the motions to dismiss show that the EEOC vacated the April 19, 2012 notice. *See* Notice of Intent to Reconsider, DE-15-2. The EEOC issued a second dismissal and notice of rights on May 10, 2012. *See* EEOC Notice, DE-15-2.

1993). While the court must take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (citation omitted); *see also* Parham v. Pepsico, Inc., 927 F. Supp. 177, 178 (E.D.N.C. 1995) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss pursuant to 12(b)(6)"). In this way, a motion to dismiss "allows a court to eliminate actions that are fatally flawed in their legal premises." Parham, 927 F.Supp. at 178. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. *See* Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986).

**B. Ministerial Exception**

The United States Supreme Court has determined that the First Amendment's Free Exercise Clause and Establishment Clause both "bar the government from interfering with the decision of a religious group to fire one of its ministers." Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC, 132 S. Ct. 694, 702 (2012). This "ministerial exception" bars claims brought under Title VII and other employment discrimination laws by ministers against church organizations. *See id.* at 705-07. In recognizing the ministerial exception, the Supreme Court observed that

3

> [t]he members of a religious group put their faith in the hands of their ministers. Requiring a church to accept or retain an unwanted minister, or punishing a church for failing to do so, intrudes upon more than a mere employment decision. Such action interferes with the internal governance of the church, depriving the church of control over the selection of those who will personify its beliefs. By imposing an unwanted minister, the state infringes the Free Exercise Clause, which protects a religious group's right to shape its own faith and mission through its appointments. According the state the power to determine which individuals will minister to the faithful also violates the Establishment Clause, which prohibits government involvement in such ecclesiastical decisions.

*Id.* at 706. Thus, when the factual allegations of a complaint, accepted as true, clearly show that claims of employment discrimination are barred by the First Amendment under the ministerial exception, such claims must be dismissed. *See id.* at 709 ("Because [the plaintiff] was a minister within the meaning of the exception, the First Amendment requires dismissal of this employment discrimination suit against her religious employer.").

### III. DISCUSSION

In the instant case, the ministerial exception bars Plaintiff's claims of employment discrimination. Construing the allegations of the complaint liberally in favor of Plaintiff, with due consideration given to his pro se status, it is clear Plaintiff is complaining that his employment as a minister at the AME Church was terminated by the officials of the church in violation of federal discrimination laws. This Court may not grant relief for such a complaint. Hosanna-Tabor, 132 S. Ct. at 705-07; Smith v. Raleigh Dist. of the N.C. Conf. of the United Methodist Church, 63 F. Supp. 2d 694, 703 (E.D.N.C. 1999)

4

Case 5:12-cv-00511-FL   Document 29   Filed 06/07/13   Page 4 of 6

("[T]he Fourth Circuit and other courts have uniformly agreed that suits in which ministers or those individuals performing ministerial functions challenge the . . . discharge decisions of religious institutions are barred by the First Amendment.").

In responding to the motions to dismiss, Plaintiff does not acknowledge Defendants' arguments regarding the ministerial exception. Instead, Plaintiff asserts that Defendants did not follow proper termination procedures established by the AME Church in dismissing him from his position as a pastor. *See* Pl.'s Resp. 1, DE-23 ("Bishop A.J. Richardson . . . did not follow the proper procedures to terminate my duties as the assigned Pastor to the Allen Chapel African Methodist Episcopal Church. I am basing my statement and belief on the rules and regulations that governs the laws of the African Methodist Episcopal Church."); Pl.'s Resp. Ex. 2, DE-15-1 (complaining to the EEOC that the "process used by the Ministerial Efficiency Committee of the North Carolina Annual Conference to issue [their] letter of Recommendation [of termination] does not reflect the current written policy and procedures used to terminate a Pastor from his/her church duties within the African Methodist Episcopal Church Organization"). Assuming these facts to be true, and accepting for purposes of the motions to dismiss that Defendants purposefully discriminated against Plaintiff in terminating his employment as a pastor, Plaintiff's claims are nevertheless barred by the ministerial exception. As the Supreme Court observed in *Hosanna-Tabor*:

> The interest of society in the enforcement of employment discrimination statutes is undoubtedly important. But so too is the interest of religious groups in choosing who will preach their beliefs, teach their faith, and carry

> out their mission. When a minister who has been fired sues her church alleging that her termination was discriminatory, the First Amendment has struck the balance for us. The church must be free to choose those who will guide it on its way.

132 S. Ct. at 709. Because the pleadings clearly establish that Plaintiff's claims are barred by the ministerial exception, the undersigned RECOMMENDS that the motions to dismiss be GRANTED. *See, e.g.*, Gomez v. Evangelical Lutheran Church in America, No. 1:07CV786, 2008 U.S. Dist. LEXIS 61143, at *8 (M.D.N.C. Aug. 7, 2008) (concluding that ministerial exception barred the plaintiff's discrimination claims, requiring dismissal); EEOC v. Roman Catholic Diocese, 48 F. Supp. 2d 505, 515 (E.D.N.C. 1999) (applying ministerial exception and dismissing discrimination claims). Given this determination, the undersigned need not address Defendants' alternative bases for dismissal.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the motions to dismiss (DE-6, DE-16) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 7th day of June, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE